# United States District Court

**FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: San Francisco

---

UNITED STATES OF AMERICA,

V.

DIANNE COBB, and
PAUL SLOANE DAVIS,



## CR 13 720 CRB

DEFENDANT.

---

| INDICTMENT |
|---|

VIOLATIONS: 18 U.S.C. § 1349 – Conspiracy;  18 U.S.C. § 1341 – Mail Fraud;
18 U.S.C. § 1343 –  Wire Fraud; 18 U.S.C. § 2 – Aiding and Abetting;
18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft; 18 U.S.C. § 981(A)(1)(C),
28 U.S.C. § 2461(C)  –  Forfeiture

A true bill.

_Nancy J. Peterson_
Foreman

Filed in open court this **31st** day of
**October 2013**
KAREN L. F. J
Clerk

JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE
Bail, $ _no bail arrest warrant_

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1349 – Conspiracy; 18 U.S.C. § 1341 – Mail Fraud; 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft; 18 U.S.C. § 981(A)(1)(C), 28 U.S.C. § 2461(c) – Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Counts 1 thru 14: 20 years' imprisonment; fine greater of $250,000 or 2x gross gain/loss; 3 years supervised release; $100 S/A; Counts 15 thru 20: 2 years' imprisonment, consecutive to the sentence for the underlying offense, $100 special assessment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**DEFENDANT - U.S**
▶ DIANNE COBB

DISTRICT COURT NUMBER
CR 13 720

**CRB**

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   THOMAS E. STEVENS, AUSA

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction    } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No    } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: NBW

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:                Before Judge:

Comments:

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT   ☐ SUPERSEDING

― OFFENSE CHARGED ―

18 U.S.C. § 1349 – Conspiracy; 18 U.S.C. § 1341 – Mail Fraud; 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. § 981(A)(1)(C), 28 U.S.C. § 2461(C) – Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Counts 1 thru 14: 20 years' imprisonment; fine greater of $250,000 or 2x gross gain/loss; 3 years supervised release; $100 special assessment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

― DEFENDANT - U.S ―
▶ PAUL SLOANE DAVIS

DISTRICT COURT NUMBER
CR 13 720

― PROCEEDING ―
Name of Complaintant Agency, or Person (& Title, if any)
FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   THOMAS E. STEVENS, AUSA

― DEFENDANT ―
**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction   } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

― ADDITIONAL INFORMATION OR COMMENTS ―

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: NBW

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:           Before Judge:

Comments:

MELINDA HAAG (CABN 132612)
United States Attorney



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) Case No. |
|---|---|
| Plaintiff, | ) VIOLATIONS: 18 U.S.C. § 1349 – Conspiracy; 18 U.S.C. § 1341 – Mail Fraud; 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft; 18 U.S.C. § 981(A)(1)(C), 28 U.S.C. § 2461(C) – Forfeiture |
| v. | |
| DIANNE COBB, and PAUL SLOANE DAVIS, | |
| Defendants. | SAN FRANCISCO VENUE |

INDICTMENT

The Grand Jury charges:

Introduction

1. Defendant DIANE COBB ("COBB") resided in the Northern District of California and in Las Vegas, Nevada. COBB owned and controlled a lending and financial services company known as DM Financial, located in Marin County, California. COBB was, at various times and in various jurisdictions, a licensed mortgage loan originator.

2. Defendant PAUL SLOANE DAVIS ("DAVIS") resided in the Northern District of California and in Las Vegas, Nevada. DAVIS held himself out to investors as COBB's business partner, and a manager of DM Financial. DAVIS assisted COBB in the operation of DM Financial.

INDICTMENT

3. Through DM Financial, COBB and DAVIS offered to investors the opportunity to fund purported short-term "bridge loans" to borrowers who, according to the defendants, needed short-term financing in connection with residential real estate transactions. COBB and DAVIS typically provided to investors, among other things, the identity of the purported borrower, a promissory note reflecting the amount and other terms of the loan, and a deed of trust designating the borrower's real property that would secure the loan.

4. Based upon the written and verbal representations made to them by COBB and DAVIS, the investors believed that COBB and DAVIS were directing the investors' funds into secured bridge loans. COBB and DAVIS told investors that investors would receive regular interest payments from the borrowers, and a return of principal after the loan period ended. From 2009 through 2012, investors directed to COBB and DAVIS more than $2 million for this purpose.

## The Scheme to Defraud

5. From at least in or about 2009 through approximately December 2012, COBB and DAVIS engaged in a scheme to defraud investors, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, by making materially false statements to, and omitting to disclose and concealing material facts, from the investors in connection with their investments in purported bridge loans offered by COBB and DAVIS through DM Financial.

## Manner and Means of the Scheme to Defraud

6. As a part of the scheme to defraud, COBB and DAVIS falsely represented to investors that the investors' money would fund bridge loans to borrowers, when in truth, as the defendants knew, substantially all of the transactions offered to the investors involved purported borrowers who had not applied for a bridge loan, and who did not, and would not, receive from COBB or DAVIS any investor funds for such purpose.

7. As a further part of the scheme to defraud, COBB prepared and sent to investors fictitious promissory notes and deeds of trust for purported bridge loan agreements which, as the defendants knew, did not exist. These documents reflected the identities (often including forged signatures) of actual persons, who had not applied for bridge loans, were unaware that DM Financial was using their

INDICTMENT

identities on bridge loan documents, and who did not authorize COBB or DAVIS to use their identities in that manner.

8. As a further part of the scheme to defraud, COBB and DAVIS caused the investors to use the mail and interstate wires to send funds to DM Financial for purported bridge loan investments, but diverted the investors' money to unauthorized uses including, but not limited to, payments for the personal benefit of COBB and DAVIS, such as rent, restaurants, travel, and cash withdrawals at casinos.

9. As a further part of the scheme to defraud, COBB made periodic "interest payments" to investors to lull them into believing that their money had actually been invested in bridge loans and that the borrowers were performing their purported obligations to pay interest.

COUNT ONE: (18 U.S.C. § 1349 – Conspiracy to Commit Mail and Wire Fraud)

10. Paragraphs 1 through 9 are realleged and incorporated as if fully set forth here.

11. From in or about 2009 to approximately December 2012, in the Northern District of California and elsewhere, the defendants,

DIANE COBB and
PAUL SLOANE DAVIS,

did conspire to commit offenses against the United States, namely, mail fraud, in violation of 18 U.S.C. Section 1341, and wire fraud, in violation of 18 U.S.C. Section 1343.

All in violation of Title 18, United States Code, Section 1349.

COUNTS TWO THROUGH FIVE: (18 U.S.C. §§ 1341 and 2 – Mail Fraud and Aiding and Abetting)

12. Paragraphs 1 through 9 are realleged and incorporated as if fully set forth here.

13. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendants,

DIANE COBB and
PAUL SLOANE DAVIS,

for the purpose of executing a material scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission and concealment of material facts, did knowingly cause the mail matter listed below to be deposited, sent, and delivered by the United States Postal Service and interstate carrier:

INDICTMENT                                              3

| Count | Approximate Mailing Date | Description |
|---|---|---|
| 2 | February 9, 2011 | $57,000 check from ST to DM Financial for purported loan to MF |
| 3 | March 11, 2011 | $43,800 check from ST to DM Financial for purported loan to TD |
| 4 | June 28, 2011 | $52,000 check from SB to DM Financial for purported loan to JP |
| 5 | May 30, 2012 | $51,000 check from ST to COBB for purported loan to CC |

All in violation of Title 18, United States Code, Sections 1341 and 2.

COUNTS SIX THROUGH FOURTEEN: (18 U.S.C. §§ 1343 and 2 – Wire Fraud and Aiding and Abetting)

14. Paragraphs 1 through 9 are realleged as if fully set forth herein.

15. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendants,

DIANE COBB and
PAUL SLOANE DAVIS,

having devised and intending to devise a material scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate commerce certain writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, as set forth below:

| Count | Approximate Wire Date | Amount | Description |
|---|---|---|---|
| 6 | February 11, 2009 | $37,000 | interstate wire from JP to DM Financial for purported loan to JF |
| 7 | June 8, 2009 | $91,000 | interstate wire from JP to DM Financial for purported loan to JC and DW |
| 8 | August 27, 2009 | $32,500 | interstate wire from RA to DM Financial for purported loan to unnamed borrower |
| 9 | March 24, 2010 | $43,000 | interstate wire from AC to DM Financial for purported loan to NM |
| 10 | March 26, 2010 | $45,000 | interstate wire from AC to DM Financial for purported loan to DW |
| 11 | November 12, 2010 | $40,000 | interstate wire from PN to DM Financial for purported loan to unknown borrower |

INDICTMENT 4

| Count | Approximate Wire Date | Amount | Description |
|---|---|---|---|
| 12 | September 20, 2011 | $20,000 | interstate wire from ES and KS to DM Financial for purported loan to MA |
| 13 | October 5, 2011 | $27,000 | interstate wire from LL to DM Financial for purported loan to MA |
| 14 | February 8, 2012 | $61,000 | interstate wire from LL to DM Financial for purported loan to AN |

All in violation of Title 18, United States Code, Sections 1343 and 2.

COUNTS FIFTEEN THROUGH TWENTY:  (18 U.S.C. §§ 1028A(a)(1) – Aggravated Identity Theft)

16. Paragraphs 1 through 15 are realleged as if fully set forth herein.

17. On or about the dates set forth below, in the Northern District of California and elsewhere, defendant DIANE COBB, during and in relation to violations of 18 U.S.C. §§ 1341 and 1343, as set forth in Counts Four, Six, Nine, Twelve, Thirteen, and Fourteen, did knowingly possess and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 15 | February 13, 2009 | Promissory note and trust deed reflecting name of purported borrower JF (Count Six) |
| 16 | March 31, 2010 | Promissory note and trust deed reflecting name of purported borrower NM (Count Nine) |
| 17 | June 27, 2011 | Email reflecting name of purported borrower JP and describing bridge loan investment (Count Four) |
| 18 | September 27, 2011 | Promissory note and trust deed reflecting name of purported borrower MA (Count Twelve) |
| 19 | October 5, 2011 | Promissory note and trust deed reflecting name of purported borrower MA (Count Thirteen) |
| 20 | February 1, 2012 | Email reflecting name of purported borrower AN and describing bridge loan investment (Count Fourteen) |

FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

18. The allegations in paragraphs 1 through 17 and the factual allegations in Counts One through Twenty of this Indictment are realleged and fully incorporated here for the purpose of alleging

INDICTMENT                                    5

1  forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2      19.    Upon a conviction of any of the offenses alleged in Counts One through Twenty, the
3  defendants,

4                          DIANE COBB and
5                         PAUL SLOANE DAVIS,

6  shall forfeit to the United States all property constituting and derived from proceeds traceable to
7  violations of 18 U.S.C. § 1341 (Mail Fraud), as alleged in Counts One through Five, and 18 U.S.C. §
8  1343 (Wire Fraud), as alleged in Count One and Counts Six through Fourteen of this Indictment.

9      20.    If any of the forfeitable property, as a result of any act or omission of the defendant:

10     (A)    cannot be located upon the exercise of due diligence;
11     (B)    has been transferred or sold to, or deposited with, a third party;
12     (C)    has been placed beyond the jurisdiction of the Court;
13     (D)    has been substantially diminished in value; or
14     (E)    has been commingled with other property which cannot be divided without
15              difficulty;

16 any and all interest defendant has in other property, up to the value of the forfeitable property described
17 above, shall be vested in the United States and forfeited to the United States pursuant to Title 21, United
18 States Code, § 853(p), as incorporated by Title 28, United States Code, § 2461(c) and Rule 32.2 of the
19 Federal Rules of Criminal Procedure.

20 DATED: October 31, 2013          A TRUE BILL

21
22                                          _____
                                         FOREPERSON

23 MELINDA HAAG
   United States Attorney
24 _____
25 J. DOUGLAS WILSON
   Chief, Criminal Division
26
27 (Approved as to form: _____ )
                       AUSA Thomas E. Stevens
28

INDICTMENT                                             6