MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

BENJAMIN KINGSLEY (NYBN 4758389)
Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6937
    FAX: (415) 436-7234
    benjamin.kingsley@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 13-720 CRB |
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | |
| PAUL SLOANE DAVIS, | |
| Defendant. | |

    Defendant's sentencing memorandum raises two frivolous objections to the Guidelines calculations in the PSR. Dkt 67 at 6–7. Defendant argues that the enhancements for number of victims and a vulnerable victim should not apply because those were neither elements of the offense nor allegations in the indictment to which defendant pleaded guilty. *Id.*

    Defendant's objections are untimely and should not be considered by the Court. The Probation Officer issued the draft PSR in this case almost three months ago, on May 27, 2015. The United States provided the Probation Officer with a response that same day. According to the PSR, however, defense counsel provided no response at any time to the draft PSR. *See* PSR, Addendum. The final PSR was submitted to the parties on June 17, 2015, a full two months ago.

    Defendant thus failed to comply with Criminal Local Rule 32-4(b) and (c), which requires the parties to respond to draft PSRs within 14 days of disclosure. The Court's rule requires a party's

**RESPONSE TO SENTENCING MEMORANDUM**

response to "identify and address any objections to factual statements or guideline computations." Crim. L.R. 32-4(c)(2); *see also id.* (requiring party to "[s]tate any variation the party contends should be made from the guideline computation recommended in the proposed presentence report").

This is not merely a technical requirement. To the extent that the reason for this requirement is not self-evident, the commentary to the Local Rule makes it clear: "This rule is intended to implement the informal process of identifying and narrowing issues that will ultimately require judicial resolution." *Id.* (Commentary). This makes good sense. Providing timely objections to the calculations—indeed providing objections at any time prior to sentencing, whether timely or not—serves to "identify[] and narrow[]" the issues for sentencing, and allows the government to prepare for an evidentiary hearing if one will be necessary to establish relevant conduct.

The Commentary to Local Rule 32-4 notes that there is a sanction for a party's failure to comply with its requirements. That Commentary warns that "objections not raised to the Probation Officer may not be considered by the Court absent a showing of good cause." Crim. L.R. 32-4(c) (Commentary). This echoes Rule 32(i)(1)(D), which provides that, at sentencing, the Court "may, for good cause, allow a party to make a new objection at any time before sentence is imposed." Fed. R. Crim. P. 32(i)(1)(D).

Defendant has not, and could not, offer good cause for failing for months to object to two enhancements plainly stated in the Guidelines calculations of the PSR. Moreover, these enhancements are overwhelmingly supported by evidence disclosed to defendant through discovery, the facts as reported throughout the PSR, and, with respect to the total number of victims, co-conspirator Cobb's plea agreement. *See* PSR ¶¶ 10, 13, 16; dkt. 29 at 3, 5 (Cobb plea agreement). Though the government can establish the facts supporting these enhancements with testimony at an evidentiary hearing if the Court requires, the government requests that the Court instead disregard these late objections.

DATED: August 17, 2015

Respectfully submitted,

MELINDA HAAG
United States Attorney


_____/s/_____
BENJAMIN KINGSLEY
Assistant United States Attorney

**RESPONSE TO SENTENCING MEMORANDUM**